**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0688-17T2

HSBC BANK USA NATIONAL
ASSOCIATION,

     Plaintiff-Respondent,

v.

ADESINA OGUNLANA,

     Defendant-Appellant.

_____

Submitted September 13, 2018 – Decided September 20, 2018

Before Judges Koblitz and Currier.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-012098-13.

Ejike N. Uzor, attorney for appellant.

Reed Smith, LLP, attorneys for respondent (Henry F. Reichner, on the brief).

PER CURIAM

In this foreclosure matter, defendant Adesina Ogunlana appeals from the September 19, 2017 order denying her motion to stay a sheriff's sale. Defendant's basis for the stay of the sale was her bankruptcy filing. Under 11 U.S.C. § 362(c)(4)(A)(i), an automatic stay does not take effect when a debtor has had two or more prior cases dismissed within the year. The automatic stay did not take effect here because defendant filed a third bankruptcy action just before the date of the sheriff's sale. Therefore, it was not an abuse of discretion for the Chancery judge to deny a stay of the sale. We affirm.

After defendant defaulted on the loan securing the mortgage on her residential property, plaintiff HSBC Bank National Association, filed a foreclosure action. Defendant did not answer the complaint and final judgment was entered in June 2015. A sheriff's sale was scheduled for September 19, 2017.

On the day of the sale, defendant requested a stay due to a petition for relief under Chapter 13 of the Bankruptcy Code, which she had filed the previous day. See 11 U.S.C. § 362(a)(2). Defendant had filed two prior petitions for relief in April and July 2017, both of which were dismissed for failure to file schedules. After hearing counsels' arguments, the Chancery judge

denied the stay of the sale on September 19, 2017.[1]  He noted § 362(c)(4)(A)(i) of the Bankruptcy Code provides an exception to the automatic stay generally triggered by a bankruptcy petition filing if two or more prior petitions have been dismissed within the year.  As this was defendant's third Chapter 13 filing within five months, the automatic stay did not take effect.  Therefore, there were no grounds presented to the court to stay the sheriff's sale.[2]

On appeal, defendant asserts the Chancery judge erred in denying the motion to vacate the sheriff's sale.  We disagree.  Plaintiff presented evidence of defendant's three bankruptcy filings for relief under Chapter 13.  Under 11 U.S.C. § 362 (c)(4)(A)(i), the automatic stay does not trigger upon the third filing.  As there were no other grounds presented to support the application, it was not an abuse of discretion for the Chancery judge to deny a stay of this request.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1]  The judge heard additional arguments the next morning following which he reaffirmed his decision.

[2]  Defendant's subsequent motion in the Bankruptcy Court to impose an automatic stay was denied on October 13, 2017.

A-0688-17T2